The court has questions about the agreement, and maybe if you could just address that. Well, go ahead. The only thing that seems to me to be interesting here is that the agreement talks about several different offenses that were the objects of the conspiracy. I've looked pretty hard to find out whether you can have more than one offense as the object of a conspiracy. I haven't found a case that really says one way or another. Do you have any clue about that? Well, we're in the United States. It's an old 1942 Supreme Court case that talks about one conspiracy can be ongoing and have multiple objects. Well, that's true, but you leave a statute here. And the question is whether 371 admits to that, right? Right. So it conspires to commit any offense against the United States. Now, one odd thing is that it points both you and your missing component to the fact that this was actually charged as a defraud of the United States pardon, not against any feds in the United States. But that's not what the judgment ultimately says. That's correct. I think in the plea agreement it even kind of muddles it. It says that it's with the intent to defraud the United States, but it clearly has been any offense. And then the plea agreement says there was multiple objects, the 1546, which would make you removable. Well, the plea agreement doesn't – yeah, it says there were multiple objects, but it doesn't say that that's what he was convicted of, right? Right. It says he was just convicted under the generic 371. So that's what he was admitting to. I mean, how you interpret the plea agreement is that he was admitting to a conspiracy that had two objects, both of which he did. That's correct, Judge. And we would argue, and this wasn't really fleshed out in the briefs. I mean, these briefs were submitted well before, you know, the new madness regime in this court is almost horrendous. So there's a lot that's kind of happened under the modified categorical approach since then. And in the court, first I would argue that any argument regarding this would be waived, because his argument was that he was convicted under a different statute than 1546. Therefore, he's not removable under 12.73 PII. But Congress clearly put it, you can be removable for violating 1546 or a conspiracy to violate 1546. And 1546 has no separate conspiracy clause. So there's either that crime or the government has to charge under the generic conspiracy statute. So there was no argument made on that. So I would argue the court's find it waived. But even if the court wanted to reach it, maybe supplemental briefing might even be helpful to kind of address. There's another question, which is whether 371 is actually, the physical itself is just a two-piece of 371. There's actually no case that says it's not. Right. And since we've got the court's order, I've tried to look pretty hard. The best I can come is the court has held that the objects of the conspiracy are elements of the crime. So the only way you can find out all the elements are to know what statutes were the objects of the conspiracy. So I think that in itself makes it difficult. Did you find a case that says it's okay to have a 371 conspiracy with more than one offense? I did not. But in U.S. v. Arles, the en banc decision, the court held that they are elements of the crime. So how else are we going to know what all the elements are? And there's several other cases that say, well, the jury has to be informed of what the elements of the objective are in order to convict. So I would see that it would be divisible. Again, this wasn't really mentioned in the brief, so maybe some more time would be helpful and some supplemental briefing would be helpful in that. So if you take that as divisible, then you have the court's cases saying, well, a plea is to every element of the crime. And more recently in Young, the en banc court held, kind of dealt with these conjunctively charged. So when an indictment is conjunctively charged, you violate it A and B, and all you have is an indictment and a judgment. Well, that could be an inclusive record because you aren't necessarily convicted of both. But the court also recognized that other documents might be helpful, other shepherd documents, to help narrow it down. So that's kind of what we have here. We have a plea agreement. He necessarily admitted to a conspiracy to violate two statutes. One of those statutes makes him removable. So I think that if you give a categorical approach, this is divisible. We move on to what we have to look at to find out if we can parry down his offense to see if it's a categorical match to 1227A3BII, which says that any alien is removable who is convicted of conspiracy to violate 1546. And waiver is not available under that section. That's right. And that's the crux of this case because there is no waiver, as this court held in 2013. There's no waiver for that. No waiver for what, I'm sorry? No waiver for 1227A3BII, the conviction charged for removability. So if the court finds him removable under that, there's no waiver. That's pretty much the end of this case, except for the withholding of removal claims. The case is really with you, Mr. Guerrero-Jasso. It's not off the top of my head. It's a case that most of us haven't seen a lot of, but it says that in this case, Guerrero-Jasso entered a guilty plea to the criminal information that listed three separate rules of things in the injunctive. Neither may or may not support a detention. A defendant who pleads guilty to perjury, doctrinology, may that be the case only, A, or B. We therefore agree with the guilty pleas in many cases, many whom may not or do not need to be removed from the case. Mr. Guerrero-Jasso, do you want to refer? Yes, Judge Reinhart, that's what I was alluding to. But Young kind of held the same thing. This is where you have a charging document in the conjunctive, which is the normal practice. They only had to prove one or the other to a jury. So unless the jury returns a special verdict, we don't know which one of the conjunctive offenses they were actually found guilty of. But Young went on to say that it could change if we have more separate documents that further narrows it. And they talked about the plea colloquy, or here we have a plea agreement. So under this ---- The plea agreement still involves one plea document. That's correct. So if you had a charging document and a plea agreement, he necessarily admitted both of those offenses. So ---- But he didn't say that he only admitted one plea agreement. I'm not familiar with that case, but I think that's assuming you only have the judgment and the charging document. So if you have a charging document and the judgment just says, I'm not going to be guilty. Let me ask you another question. Is there a specific interest in the plea agreement in detail? Correct. The question is whether an agreement of this kind is really an agreement. It seems to be essentially a 371 violation because you can't have one like this. That's what I don't know. Right. I don't know the answer to that question either. I mean, there's only one conviction. It's just a conspiracy. It was ongoing. It had multiple objectives. I mean, this was a long, drawn-out conspiracy that started in 1994 when a husband and wife decided to divorce, travel to India, and then marry the husband's brother and sister so they could immigrate to the United States. And then, you know, it kind of happened. They traveled to Canada all together, and they were coming back in through the airport, and they were flagged because they started to get asked questions, and they represented themselves to be separate communities. I think the problem here, which is a little odd, is that if all of that had happened but he hadn't been prosecuted, he could have gotten the waiver. Absolutely, yes. I don't know. I thought he just did that for me. I don't know why he did that. I mean, whatever he did, he did. Anything else you can do for the waiver or not give him the waiver. I understand that the case law says otherwise. But that, therefore, makes all important what exactly he was convicted of because what are these two underlying convictions? These are the consequences. The other one doesn't. Right. Well, if it was two separate conspiracies, but here we had one ongoing conspiracy that they originally got their visas by fraud, that's the 1546, and then after they had an interview in 1997 to remove the conditional status, and they realized that that was going to be denied because they had already been flagged. Well, you're not a criminal lawyer, right, Jacob? No, I'm not. But generally, the reason I assume, I know you're usually charged, but this will be because you get a warrant for the interests of a person that way. Right. I don't think they would ever charge you this way. They did charge just one conspiracy and then multiple substantive 1546s. So I think he was charged in an eight-count indictment. Count one was the conspiracy that involved the brother and sister and then the wife. He was also charged in five separate counts under 1546. Okay, but that's one thing. The problem is when you go into a different statute, which you did here, is when it becomes more complicated. Right. And either you or I can find an example of that ever happening. Right. Well, we're grail breakers here, so if we're grail breaking here, we can hold that the statute is divisible and that when you have an actual plea agreement as opposed to the norm in these cases where you just have a judgment and a charging document, if you combine those two cases. It's not too much in terms of the plea agreement, right? Well, the consequence is that. In terms of the criminal case, what's the consequence? It's a consequence of the immigration presumption. Right, and the consequence is that it makes him removable. I understand that, but the people who are dealing with the criminal case, why do they care? Right. Let me ask you a question. Do you think that different facts support the two different substantive violations? In other words, the 1746 is basically under oath, making a false statement in connection with the immigration, and then the 1001 violation is also making a false statement in connection with a matter within the jurisdiction of the government. Do you think that there are different facts that support those violations, or is it the same facts that make him guilty of both of those violations? They're just different statutes. I think that the same set of facts. The same set of facts, right. They just, yes, they're two. They violate two statutes. They have to be different facts, right? You could have said, I mean, it's just under basic jurisdiction, or you could have asked for something different between them, or else you could have separate convictions. Well, you could.  That's what you're saying. Right, just one conviction. So, again, I think the court should find him admitted, necessarily admitted that I conspired to violate 1546. And the statute says if you've been convicted of conspiracy to violate 1546 and you're removable, I think he had a result that would be observed. Because Congress clearly intended to cover aliens who conspired to violate 1546, not those who just violated it. And I don't really want to talk much about the withholding of removal claims. He didn't testify. He just submitted an application with a SOAR declaration. He appeared in general crime in India, as the court has repeatedly held that that's not a basis for withholding of removal. So I see my time is almost up. If you want to dig any deeper into the conspiracy issue, if the court thinks supplemental briefing would help since we've had so many changes, I'm happy to spend a more cogent argument in writing. But if not, thanks for your opinion. I've been seeing two different panels today, so happy with that. Thank you.
judges: Reinhardt, Berzon, Amon